**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Tracy Dubose, ) | |
|              ) | |
|     Plaintiff, ) | |
|              ) | |
| v.           ) | Case Number: 07-00196 PLF |
|              ) | |
| Verizon Washington, DC Inc. ) | |
|              ) | |
|     Defendant. ) | |
|              ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Verizon Washington, DC Inc. ("Defendant"), by counsel, and responds to the Complaint of Plaintiff Tracy Dubose ("Plaintiff") served upon it as follows:

### THE PARTIES

1. Upon information and belief, Defendant admits Plaintiff is an individual who now resides in Washington D.C. Defendant denies the remaining allegations in Paragraph 1.

2. Defendant denies Verizon Washington, DC Inc. is incorporated under the laws of the District of Columbia. Defendant admits Verizon Washington, DC Inc. is registered to do business in the District of Columbia. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the incomplete second sentence in Paragraph 2 and therefore denies the allegations. Defendant denies any remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. Upon information and belief, Defendant admits Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about March 1, 2005, alleging disability discrimination. The second sentence in Paragraph 3 contains a legal conclusion to which no response by Defendant is required. To the extent Paragraph 3 contains additional factual allegations, they are denied.

4. Upon information and belief, Defendant admits Plaintiff received a notice of right to sue letter from the EEOC. Defendant lacks knowledge or information sufficient to form a belief as to when Plaintiff received the notice of right to sue letter and, therefore, denies the allegations. Defendant denies any remaining allegations in Paragraph 4.

5. Paragraph 5 states a legal conclusion to which no response by Defendant is required. To the extent Paragraph 5 contains factual allegations, they are denied.

6. Paragraph 6 states a legal conclusion to which no response by Defendant is required. To the extent Paragraph 6 contains factual allegations, they are denied.

7. Paragraph 7 states a legal conclusion to which no response by Defendant is required. To the extent Paragraph 7 contains factual allegations, they are denied.

8. Paragraph 8 states a legal conclusion to which no response by Defendant is required. To the extent Paragraph 8 contains factual allegations, they are denied.

## FACTS RELEVANT TO ALL CLAIMS

9. Defendant admits the allegations in Paragraph 9.

10.Defendant admits that in or about January 2006, Plaintiff was promoted to Cable Splicing Technician.  Defendant denies the remaining allegations in Paragraph 10.

11.Defendant admits Plaintiff received performance evaluations and states that the performance evaluations are the best evidence of their contents and speak for themselves.  Defendant denies all remaining allegations in Paragraph 11.

12.Defendant admits Plaintiff provided information to Defendant pertaining to a health condition during the summer of 2003.  Defendant lacks knowledge sufficient to admit or deny the remaining allegations in Paragraph 12 and therefore denies them.

13.Defendant admits Plaintiff provided information from his doctor supporting a request for leave of absence.  Defendant lacks knowledge sufficient to admit or deny the remaining allegations in Paragraph 13 and therefore denies them.

14.Defendant admits it requested that Plaintiff provide documentation of his health condition to justify Plaintiff's request for leave of absence under Defendant's disability benefits policies.  Defendant admits it granted Plaintiff a leave of absence pursuant to its disability benefits policies.  To the extent Paragraph 14 contains additional factual allegations, they are denied.

15.Defendant denies the allegations in Paragraph 15.

16.Defendant admits the allegations in Paragraph 16.

17.Defendant admits Plaintiff was removed from Defendant's payroll effective July 22, 2004.  Defendant denies the remaining factual allegations in Paragraph 17.

18. Defendant admits Plaintiff's short term disability benefits were exhausted on July 21, 2004, and Plaintiff was removed from the payroll. Defendant denies the remaining factual allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 20 and therefore denies them.

21. Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 21 and therefore denies them.

**COUNT I – WRONGFUL DISCHARGE IN VIOLATION OF THE ADA**

22. Defendant repeats and re-alleges its responses to the allegations contained in Paragraphs 1 through 21. To the extent a factual allegation is not expressly admitted, it is denied.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. With respect to Plaintiff's allegations in Paragraph 25, Defendant denies Plaintiff is entitled to the relief sought or any relief whatsoever. To the extent Paragraph 25 contains additional factual allegations, they are denied.

**COUNT II – BREACH OF CONTRACT AND UNLAWFUL DISCHARGE**

26. Defendant repeats and re-alleges its responses to the allegations contained in Paragraphs 1 through 25. To the extent a factual allegation is not expressly admitted, it is denied.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. With respect to the allegations in Paragraph 29, Defendant denies Plaintiff is entitled to the relief sought or any relief whatsoever. To the extent Paragraph 29 contains additional factual allegations, they are denied.

**COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

30. Defendant repeats and re-alleges its responses to the allegations contained in Paragraphs 1 through 29. To the extent a factual allegation is not expressly admitted, it is denied.

31. Defendant denies the allegations in Paragraph 31.

32. With respect to Plaintiff's allegations in Paragraph 32, Defendant denies Plaintiff is entitled to the relief sought or any relief whatsoever. To the extent Paragraph 32 contains additional factual allegations, they are denied.

**PRAYER FOR RELIEF**

33. With respect to Plaintiff's allegations in Paragraph 33, Defendant denies Plaintiff is entitled to the relief sought or any relief whatsoever. To the extent Paragraph 33 contains additional factual allegations, they are denied.

34. With respect to Plaintiff's allegations in Paragraph 34, Defendant denies Plaintiff is entitled to the relief sought or any relief whatsoever. To the extent Paragraph 34 contains additional factual allegations, they are denied.

35. With respect to Plaintiff's allegations in Paragraph 35, Defendant denies Plaintiff is entitled to the relief sought or any relief whatsoever. To the extent Paragraph 35 contains additional factual allegations, they are denied.

36. With respect to Plaintiff's allegations in Paragraph 36, Defendant denies Plaintiff is entitled to the relief sought or any relief whatsoever. To the extent Paragraph 36 contains additional factual allegations, they are denied.

37. Any allegations not previously addressed are denied.

## AFFIRMATIVE DEFENSES

1. The Complaint, or portions thereof, fails to state a claim upon which relief can be granted.

2. Any and all actions taken by Defendant with respect to Plaintiff were for legitimate, nondiscriminatory reasons.

3. Defendant at all times acted in compliance with the law and in good faith, and Plaintiff is not entitled to punitive damages.

4. Plaintiff's claim for breach of contract fails as a matter of law because he has failed to identify any employment contract with Defendant to support this claim.

5. The Complaint, or portions thereof, are preempted by the Labor Management Relations Act.

6. The Complaint, or portions thereof, are barred by Plaintiff's failure to exhaust his mandatory procedures and remedies under the applicable collective bargaining agreement's grievance and arbitration procedures.

7. To the extent this action was filed more than ninety days after an alleged Notice of Right to Sue was sent to Plaintiff by the EEOC, his discrimination claims are barred by the applicable statute of limitations.

8. To the extent Plaintiff has failed to mitigate his damages, he is not entitled to the damages sought in his Complaint.

9. The Complaint, or portions thereof, is barred by the doctrines of estoppel and waiver.

10. To the extent Plaintiff asserts a claim for unpaid disability benefits, such claims are preempted, in whole or in part, by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. and /or Plaintiff's claim and appeal procedures available to him under the collective bargaining agreement and governing Plan documents.

11. Defendant states it currently has insufficient knowledge or information upon which to form a belief as to whether it may have additional defenses available. Defendant, therefore, reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, having fully responded to the Complaint served upon it, Defendant prays that the Complaint and that it be awarded its costs expended, including attorneys' fees.

VERIZON WASHINGTON, DC INC.
By Counsel


 /s/ Amy Miller
Amy Miller, D.C. Bar # 473517
McGuireWoods LLP
1750 Tysons Blvd., Suite 1800
McLean, VA  22102
703.712.5079 (telephone)
703.712.5193 (facsimile)

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tracy Dubose ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 07-00196 PLF |
| ) | |
| Verizon Washington, DC Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing Answer was served via registered mail, return-receipt requested, as well as first class United States Mail, postage prepaid, on February 27, 2007, to:

Tracy Dubose
4724 6th Place, N.E.
Washington, D.C. 20017

/s/Amy Miller
Amy Miller

\4448074.1