IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tracy Dubose, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 07-00196 PLF |
| ) | |
| Verizon Washington, DC Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## JOINT MEET AND CONFER STATEMENT

The parties, Plaintiff Tracy Dubose and Defendant Verizon Washington, DC Inc., hereby submit this Joint Meet and Confer Statement pursuant to Local Civil Rule 16.3. The joint statement reflects the agreements reached by the parties during various communications during March 26, 2007, through April 2, 2007.

1. Plaintiff does not believe this matter is likely to be disposed of on a dispositive motion. Defendant believes that a Motion for Summary Judgment or other dispositive motion will be appropriate with respect to all claims in this matter.

2. The parties agree that it is the Court's prerogative as to whether the case should be assigned to a magistrate judge for discovery disputes only. The parties oppose assigning the case to a magistrate for any purpose other than discovery and mediation.

3. Plaintiff has expressed a desire to settle this matter. Defendant does not believe that the matter is appropriate for settlement, but will engage in good faith settlement discussions if appropriate.

4. Plaintiff is proceeding *pro se* and therefore, according to Local Rule 84.4, this case is not appropriate for mediation.

5. The parties propose the following dates for discovery, the filing of dispositive motions, oppositions and reply motions:

| | |
|---|---|
| Initial disclosures required by Rule 26(a)(1) | April 20, 2007 |
| Exchange of Witness Lists: | June 8, 2007 |
| Deadline for Post R. 26(a) discovery requests | June 15, 2007 |
| Discovery completion: | July 27, 2007 |
| Dispositive Motions: | August 31, 2007 |
| Opposition Motions: | September 14, 2007 |
| Reply Motions: | September 24, 2007 |
| Pre-trial Conference: | To be determined by the Court |

6. Each party may take a maximum of 5 non-party depositions. Additionally, each party may serve a maximum of 25 interrogatories, including but not limited to parts and subparts and 25 requests for production of documents.

7. The parties have conferred regarding the disclosure and discovery of electronically stored information, including the form or forms in which it should be produced. At this time, the parties do not anticipate that electronic discovery in this case will be intensive, and it appears at this point that producing electronically-stored information in hard-copy format is appropriate.

8. The parties do not anticipate the need for expert witnesses at this time.

9. This matter is not a class action.

10. The parties believe that bifurcation of this matter is not necessary.

11. The parties propose that a pretrial conference date be set by the Court after ruling on dispositive motions.

12. The parties prefer that the Court set a trial date at the pretrial conference.

BRIEF STATEMENT OF THE CASE AND
STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES

**Plaintiff's Statement of the Case**

Plaintiff respectfully disagrees with everything the Defendant has stated below.  Plaintiff refers to the allegations in his initial Complaint.  Plaintiff does concur with the discovery deadlines above.

**Defendant's Counterstatement of the Case and Defenses**

Plaintiff's disability discrimination claim under Count I must be dismissed because Defendant did not discriminate against Plaintiff in violation of the ADA, and did not regard Plaintiff as disabled.  Rather, Defendant applied its established policies and procedures in removing Plaintiff from its payroll when Plaintiff failed to return to work after he exhausted his short term disability leave.  Defendant will also show that Plaintiff failed to his fulfill his administrative prerequisites to filing suit in a timely manner.

Plaintiff's breach of contract and unlawful discharge claim under Count II also must be dismissed because Plaintiff was an at-will employee, and not governed by the terms of any enforceable employment contract.  To the extent Plaintiff's breach of contract claim turns on the collective bargaining agreement, Plaintiff failed to exhaust his contractual remedies, and such a claim is nevertheless barred by the six month limitations period under Section 301 of the Labor Management Relations Act.

Plaintiff's claim of intentional infliction of emotional distress under Count III does not meet the minimum legal standard required for this claim because Defendant's conduct was not extreme or outrageous, and Defendant will show that Plaintiff did not suffer severe emotional distress as a result of any of Defendant's alleged actions.

Respectfully submitted,


 /s/ Amy Miller
Amy Miller, D.C. Bar # 473517
McGuireWoods LLP
1750 Tysons Blvd., Suite 1800
McLean, VA  22102
703.712.5079 (telephone)
703.712.5193 (facsimile)

Counsel for Defendant


 /s/ Tracy DuBose (signed by A. Miller with express permission from T. DuBose)
Tracy Dubose
4724 6th Place, N.E.
Washington, D.C. 20017

Plaintiff *pro se*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tracy Dubose, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 07-00196 PLF |
| ) | |
| Verizon Washington, DC Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**SCHEDULING ORDER**

The parties appeared before the Court on the 10th day of April, 2007 for an initial scheduling conference. Based on the Joint Rule 16.3 Report to the Court and the representations of counsel, it is hereby ORDERED that

1. Discovery shall be completed by July 27, 2007. Counsel must resolve all discovery disputes or bring them to the Court's attention in a timely manner so as to allow sufficient time for the completion of discovery by this date.

2. The date by which any other parties shall be joined or the pleadings amended is thirty (30) days from the date of this Order to serve any remaining defendants.

3. Discovery material shall not be filed with the Court except as provided for in LCvR 5.2(a) and Fed. R. Civ. P. 5(d), as amended, effective December 1, 2000.

4. Each party is limited to a maximum of 25 interrogatories and 25 requests for production of documents to any other party. Responses to all interrogatories and request for production of documents are due 30 days after service. See Fed. R. Civ. P. 33(a).

5. Each side is limited to a maximum of 5 non-party depositions, and no deposition shall exceed 7 hours unless both parties agree or by order of the Court. See Rule 30(d), Fed. R. Civ.

P., as amended effective December 1, 2000, and LCvR 26.2(c).

6.      Disclosures pursuant to 26(a)(1), Fed. R. Civ. P., as amended, effective December 1, 2006, shall be completed on or before April 20, 2007.

7.      Exchange of witness lists shall be exchanged on or before June 8, 2007.

8.      Dispositive motions shall be filed by August 31, 2007; oppositions by September 14, 2007; and replies, if any, by September 24, 2007.

9.      The parties are required to confer in good faith in an effort to resolve all discovery disputes before bringing the dispute to the Court. If the parties are unable to resolve the discovery dispute, the parties shall arrange a telephone conference with the Court by contacting Chambers. The parties shall not file discovery motions without attempting a prior conference with the Court and the opposing party.

10.     The parties are expected to evaluate their respective cases for settlement purposes. Plaintiff is proceeding *pro se* and therefore, pursuant to Local Rule 84.4, this case is not appropriate for mediation. If the case settles in whole or in part, the parties shall advise the Court by promptly filing a stipulation.

                                                SO ORDERED.


                                                _____
                                                Paul L. Friedman
                                                United States District Judge

DATE: ___ day of _____, 2007