IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tracy Dubose, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 07-00196 PLF |
| ) | |
| Verizon Washington, DC Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT MEET AND CONFER STATEMENT**

The parties, Plaintiff Tracy Dubose and Defendant Verizon Washington, DC Inc., by counsel, hereby submit this Joint Meet and Confer Statement pursuant to Local Civil Rule 16.3. The joint statement reflects the agreements reached by the parties during various communications during through May 31, 2007, through July 19, 2007.

1. Plaintiff does not believe this matter is likely to be disposed of on a dispositive motion. Defendant believes that a Motion for Summary Judgment or other dispositive motion will be appropriate with respect to all claims in this matter.

2. The parties agree it is the Court's prerogative as to whether the case should be assigned to a magistrate judge for discovery disputes only. The parties oppose assigning the case to a magistrate for any purpose other than discovery and mediation.

3. The parties agree to engage in good faith settlement discussions as appropriate.

4. The parties are receptive to an early mediation date as established by the Court or agreed by the parties, preferably within the next 30-45 days. The parties will contact the Court to set up a mutually convenient mediation date.

5.  The parties propose the following dates for discovery, the filing of dispositive motions, oppositions and reply motions:

| | |
|---|---|
| Initial disclosures required by Rule 26(a)(1) | August 20, 2007 |
| Exchange of Witness Lists: | October 3, 2007 |
| Deadline for Post R. 26(a) discovery requests | October 10, 2007 |
| Rule 26(a)(2) expert disclosures | October 15, 2007 |
| Rule 26(a)(2) rebuttal expert disclosures | November 15, 2007 |
| Discovery completion: | November 20, 2007 |
| Dispositive Motions: | December 20, 2007 |
| Opposition Motions: | January 10, 2008 |
| Reply Motions: | January 21, 2008 |
| Pre-trial Conference: | To be determined by the Court |

6.  Each party may take a maximum of 5 non-party depositions. Additionally, each party may serve a maximum of 25 interrogatories, including but not limited to parts and subparts and 25 requests for production of documents.

7.  The parties have conferred regarding the disclosure and discovery of electronically stored information, including the form or forms in which it should be produced. At this time, the parties do not anticipate that electronic discovery in this case will be intensive, and that producing electronically-stored information in hard-copy format is appropriate. The parties also do not anticipate any issues relating to the preservation of electronic information. This case is expected to involve very little, if any, electronic information and, consequently, there is little concern over the deletion of pertinent information by way of the routine operation of computer systems. Defendant shall instruct any custodians of records not to destroy any pertinent

electronic data and that any electronically stored information may be produced in paper form only.

8. Plaintiff anticipates it may designate an expert witness for economic damages and possibly other expert witnesses if necessary. If so, Defendant reserves the right to designate expert witnesses and/or rebuttal expert witnesses. The proposed dates for expert disclosures are set forth above.

9. This matter is not a class action.

10. The parties believe that bifurcation of this matter is not necessary.

11. The parties propose that a pretrial conference date be set by the Court after ruling on dispositive motions.

12. The parties prefer that the Court set a trial date at the pretrial conference.

**BRIEF STATEMENT OF THE CASE AND
STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES**

<u>Plaintiff's Statement of the Case</u>

On July 21, 2007, the Defendant wrongfully terminated the Plaintiff from his employment. Due to an serious illness, the Plaintiff was placed on short term disability on or about August 4, 2003, so that he could undergo treatment for Transitional Renal Cancer. Pursuant to Verizon's short term disability policy, Plaintiff was entitled to receive up to 52 weeks of leave with corresponding disability payments. The Defendant discharged the Plaintiff from Verizon alleging that the Plaintiff had exhausted his 52 weeks of disability benefits and had not returned to work. Defendant's records indicate that the Plaintiff was not on disability for 52 weeks and he had not exhausted his disability benefits prior to his termination. The Defendant's policy clearly states that an employee's employment will end if the employee's disability

continues beyond 52 weeks. Plaintiff's was not on disability for 52 weeks. In addition, the Plaintiff was prepared to return to work. Defendant violated its own policy by terminating the Plaintiff early.

The Plaintiff disagrees with Defendant's classification that Plaintiff was an at-will employee. Furthermore, Plaintiff has suffered severe emotional distress as a result of Defendant's wrongful conduct. In addition, Plaintiff's Complaint alleges breach of contract and that that he was wrongfully discharged in violation of the Americans with Disabilities. Plaintiff is seeking compensatory and punitive damages against the defendant. In addition, after limited discovery, Plaintiff will be seeking to amend its complaint to add additional violations.

**Defendant's Counterstatement of the Case and Defenses**

Plaintiff's disability discrimination claim under Count I must be dismissed because Defendant did not discriminate against Plaintiff in violation of the ADA, and did not regard Plaintiff as disabled. Rather, Defendant applied its established policies and procedures in removing Plaintiff from its payroll when Plaintiff failed to return to work, produce a doctor's release, or otherwise communicate with Defendant about his status prior to the exhaustion of his short term disability leave.

Plaintiff's breach of contract and unlawful discharge claim under Count II also must be dismissed because Plaintiff was an at-will employee, and not governed by the terms of any enforceable employment contract. To the extent Plaintiff's breach of contract claim turns on the collective bargaining agreement, Plaintiff failed to exhaust his contractual remedies, and such a claim is nevertheless barred by the six month limitations period under Section 301 of the Labor Management Relations Act.

Plaintiff's claim of intentional infliction of emotional distress under Count III does not meet the minimum legal standard required for this claim because Defendant's conduct was not extreme or outrageous, and Defendant will show that Plaintiff did not suffer severe emotional distress as a result of any of Defendant's alleged actions.

Respectfully submitted,

 /s/ Amy Miller
Amy Miller, D.C. Bar # 473517
MCGUIREWOODS LLP
1750 Tysons Blvd., Suite 1800
McLean, VA  22102
703.712.5079 (telephone)
703.712.5193 (facsimile)

Counsel for Defendant


 /s/ Lisa D. Butler
Jason A. Dzubow, D.C. Bar # 468166
Lisa D. Butler, D.C. Bar # 492975
Mensah, Butler & Dzubow, PLLC
4724 6th Place, N.E.
Washington, D.C. 20017
202.328.1352 (telephone)
202.318-4528 (facsimile)

Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Tracy Dubose, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number:  07-00196 PLF |
| ) | |
| Verizon Washington, DC Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**SCHEDULING ORDER**

Based on the Joint Rule 16.3 Report to the Court and the representations of counsel, it is hereby ORDERED that:

1. Discovery shall be completed by November 20, 2007. Counsel must resolve all discovery disputes or bring them to the Court's attention in a timely manner so as to allow sufficient time for the completion of discovery by this date.

2. The date by which any other parties shall be joined or the pleadings amended is thirty (30) days from the date of this Order to serve any remaining defendants.

3. Discovery material shall not be filed with the Court except as provided for in LCvR 5.2(a) and Fed. R. Civ. P. 5(d).

4. Each party is limited to a maximum of 25 interrogatories and 25 requests for production of documents to any other party. Responses to all interrogatories and request for production of documents are due 30 days after service.  See Fed. R. Civ. P. 33(a).

5. Each side is limited to a maximum of 5 non-party depositions, and no deposition shall exceed 7 hours unless both parties agree or by order of the Court.  See Fed. R. Civ. P. Rule 30(d) and LCvR 26.2(c).

6.      Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed on or before August 20, 2007.

7.      Exchange of witness lists shall be on or before October 3, 2007.

8.      Rule 26(a)(2) expert disclosures are due by October 15, 2007; rebuttal expert disclosures are due by November 15, 2008.

9.      Dispositive motions shall be filed by December 20, 2007; oppositions by January 10, 2008, and replies by January 21, 2008.

10.     The parties are required to confer in good faith in an effort to resolve all discovery disputes before bringing the dispute to the Court. If the parties are unable to resolve the discovery dispute, the parties shall arrange a telephone conference with the Court by contacting Chambers. The parties shall not file discovery motions without attempting a prior conference with the Court and the opposing party.

11.     The parties are expected to evaluate their respective cases for settlement purposes. If the case settles in whole or in part, the parties shall advise the Court by promptly filing a stipulation.

SO ORDERED.

_____
Paul L. Friedman
United States District Judge

DATE: ___ day of _____, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing JOINT MEET AND CONFER STATEMENT was served on Plaintiff's counsel on this the 20th day of July 2007, via operation of the Court's electronic filing system to:

>Jason A. Dzubow, Esq.
>Lisa D. Butler, Esq.
>Mensah, Butler & Dzubow, PLLC
>4724 6th Place, N.E.
>Washington, D.C. 20017
>
>Counsel for Plaintiff

>/s/Amy Miller
>Amy Miller