IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREE DUBOSE,  )<br>PERSONAL REPRESENTATIVE OF  )<br>THE ESTATE OF TRACY DUBOSE,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>  )<br>VERIZON WASHINGTON, DC INC.,  )<br>  )<br>  Defendant.  )<br>  ) | Civil Action No. 1:07cv196(PLF) |

# MOTION FOR ENTRY OF
# STIPULATED ORDER REGARDING
# CONFIDENTIALITY OF DISCOVERY MATERIAL

Defendant Verizon Washington, DC Inc. ("Verizon"), by counsel, hereby moves this Court for the unopposed entry of the proposed Stipulated Protective Order, which has been endorsed by counsel of record for the parties and is attached for filing with the Court. This Agreed Protective Order contains a provision for the filing in certain circumstances of documents UNDER SEAL.

Discovery documents in this case include personnel or human resources files, including salary and/or benefits information, of certain individuals other than Tracy Dubose; certain proprietary information concerning Defendant's business; Tracy Dubose's health records; and financial records pertaining to the parties. Good cause exists to protect these documents from disclosure to the public in accordance with the terms of the proposed Agreed Protective Order.

Both parties' consent to the Agreed Protective Order is evidenced by their signatures memorializing same.

>Respectfully submitted,
>
>VERIZON WASHINGTON, DC INC.
>
>By Counsel
>
>  /s/ Amy Miller
>Amy Miller, D.C. Bar # 473517
>MCGUIREWOODS LLP
>1750 Tysons Blvd., Suite 1800
>McLean, VA  22102
>703.712.5079 (telephone)
>703.712.5193 (facsimile)
>
>Counsel for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Motion for Entry of Stipulated Order Regarding Confidentiality of Discovery Material was served on Plaintiff's counsel on this the 4th day of February, 2008, via operation of the Court's electronic filing system to:

>Jason A. Dzubow, Esq.
>Lisa D. Butler, Esq.
>Mensah, Butler & Dzubow, PLLC
>4724 6th Place, N.E.
>Washington, D.C. 20017
>
>Counsel for Plaintiff

>/s/Amy Miller_____
>Amy Miller

Active\5035743.2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREE DUBOSE, ) | |
| PERSONAL REPRESENTATIVE OF ) | |
| THE ESTATE OF TRACY DUBOSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07cv196(PLF) |
| ) | |
| ) | |
| VERIZON WASHINGTON, DC INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**STIPULATED ORDER REGARDING**
**CONFIDENTIALITY OF DISCOVERY MATERIAL**

Whereas, the parties have stipulated that certain discovery material be treated as confidential during the pre-trial proceedings; it is hereby AGREED that:

1. In the course of discovery, the Parties may produce to one another certain information and documents that will include confidential material. A Party disclosing such information may designate it as "Confidential" (hereinafter "Confidential Information"). Confidential Information may include: the personnel or human resources files of any of Defendant's current or former employees, including salary and/or benefits information; certain proprietary information concerning Defendant's business; Tracy Dubose's health records; and financial records pertaining to Tracy Dubose, Plaintiff, or Defendant. If confidential information produced by any third party is not so designated at the time it is produced, either party may subsequently designate it as confidential information.

2. Documents, discovery responses and materials, and deposition testimony

designated as Confidential Information shall be subject to the provisions of this Confidentiality Agreement.

       3.       Portions of depositions shall be deemed confidential only if they directly reference Confidential Information as defined by this agreement and are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which had been designated as "Confidential" shall also be deemed to be designated as Confidential Information.

       4.       Documents, discovery responses, deposition transcripts and materials designated as Confidential Information and the information contained therein shall be used only in connection with prosecution or defense of this litigation (including any appeals) and may be disclosed only as follows:

       A. Confidential Information may be disclosed only to the Parties, their respective attorneys, and to employees of the attorney's firm, including paralegals, secretarial or clerical staff, law clerks and interns assisting such attorneys.

       B. The persons to whom Confidential Information may be disclosed under subpart A of this paragraph may disclose the Confidential Information to:

           i. Experts and/or consultants (hereinafter referred to collectively as "experts") specifically retained by them for the purpose of this litigation only. Before the disclosure of any Confidential Information to such experts, the experts shall execute a written agreement (Exhibit A) to be bound by the terms and provisions of this Confidentiality Agreement. Such experts and consultants shall be instructed to destroy all Confidential Information and any notes made therefrom at

      the conclusion of this litigation and, if necessary, certify that such destruction has taken place.

  ii. Former employees of a party or other witnesses when required in good faith to provide assistance in the litigation regarding the specific issue to which the Confidential Information is material; however, no such former employee or other witness shall be shown Tracy Dubose's health records unless allowed by law or expressly consented to by Plaintiff.  Before the disclosure of any Confidential Information, such individuals shall execute a written agreement (Exhibit A) to be bound by the terms and provisions of this Confidentiality Agreement.  Such individuals shall be instructed to destroy all Confidential Information and any notes made therefrom at the conclusion of this litigation and, if necessary, certify that such destruction has taken place.

  iii. Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.  Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Confidentiality Agreement.

  iv. The author(s) of the Confidential Information, any prior recipients of the Confidential Information, and court officials involved in this litigation (and their staff).

C. Disclosure may be made or elicited in depositions, pre-trial hearings, and/or preparation of witnesses for said depositions and pre-trial hearings, provided

that such documents or information are necessary and appropriate for the prosecution and defense of this litigation and provided that such witness execute a written agreement (Exhibit A) or agrees on the record to be bound by the terms and provisions of this Confidentiality Agreement, agrees not to use any such information for any purpose except this litigation, and does not retain a copy of the confidential information.

D. Except as provided in subparts B and C of this paragraph, the Parties, their counsel, and others with permitted access to the Confidential Information, shall not disclose such Confidential Information, or the existence thereof, to any person or use it for any purpose except the prosecution or defense of this litigation (including any appeals).

5. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "Confidential" if that word does not already appear.

6. The use of Confidential Information in the taking of depositions, including their use as exhibits in such depositions, shall not cause such documents or information to lose their status as Confidential Information.

7. All Confidential Information contained in, or filed as exhibits to any brief, memorandum or pleading, and all depositions filed with the Court in which Confidential Information is disclosed or discussed, by way of testimony, exhibits or otherwise, shall be filed with the Clerk of the Court under seal according to proper court procedures, and shall be marked with the following legend: "CONFIDENTIAL: SUBJECT TO CONFIDENTIALITY

AGREEMENT."

8. A designation of confidentiality may be challenged upon motion; however, the parties must first make a good faith attempt to resolve the dispute informally among themselves. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

9. Documents, discovery responses or materials designated as Confidential Information may be copied as reasonably necessary in connection with this litigation without the permission of the producing party or an Order of the court by persons entitled to receive such information pursuant to paragraph 4 of this Confidentiality Agreement, provided that the use of such copies is restricted in accordance with this Confidentiality Agreement. All copies so made shall be deemed Confidential Information under the terms of this Confidentiality Agreement and shall be destroyed at the termination of this litigation, as provided for herein, unless otherwise agreed by the parties

10. This Confidentiality Agreement shall be binding upon the Parties, their successors, representatives and assigns, as well as all counsel for the Parties hereto and their paralegal and office employees.

11. The confidentiality of the documents during trial will be determined by suitable order.


IT IS SO ORDERED this _____ day of _____, 2008.


_____
United States District Court Judge

WE ASK FOR THIS:

| | |
|---|---|
| _____/s/ Amy Miller_____<br>Amy Miller, D.C. Bar # 473517<br>McGuireWoods LLP<br>1750 Tysons Blvd., Suite 1800<br>McLean, Virginia  22102<br>703-712-5079  (telephone)<br>703-712-5193 (facsimile)<br>amiller@mcguirewoods.com<br><br>Counsel for Defendant<br>Verizon Washington, DC Inc. | _____<br>Jason A. Dzubow, D.C. Bar # 468166<br>Lisa D. Butler, D.C. Bar # 492975<br>Mensah, Butler & Dzubow, PLLC<br>4724 6th Place, N.E.<br>Washington, D.C. 20017<br>202.328.1352 (telephone)<br>202.318-4528 (facsimile)<br>jdzubow@mensahlaw.com<br>lbutler@mensahlaw.com<br><br>Counsel for Plaintiff Andree Dubose |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREE DUBOSE, )<br>PERSONAL REPRESENTATIVE OF )<br>THE ESTATE OF TRACY DUBOSE, )<br>)<br>    Plaintiff, )<br>)<br>v. )     Civil Action No. 1:07cv196(PLF)<br>)<br>)<br>VERIZON WASHINGTON, DC INC., )<br>)<br>    Defendant. )<br>) | |

**EXHIBIT A**
**CONSENT TO DISCOVERY PROTECTIVE ORDER**

I, the undersigned, hereby certify that I have been provided with a copy of the Stipulated Protective Order Regarding Confidentiality of Discovery Material, dated _____ day of _____, 2008, entered in the above-captioned action and hereby agree to be bound by the terms and conditions thereof.

Signature:_____

Name:_____

Business Affiliation:_____

Address:_____

Date:_____

WE ASK FOR THIS:

_____
Amy Miller, D.C. Bar # 473517
McGuireWoods LLP
1750 Tysons Blvd., Suite 1800
McLean, Virginia  22102
703-712-5079  (telephone)
703-712-5193  (facsimile)
amiller@mcguirewoods.com

Counsel for Defendant
Verizon Washington, DC Inc.

_____
Jason A. Dzubow, D.C. Bar # 468166
Lisa D. Butler, D.C. Bar # 492975
Mensah, Butler & Dzubow, PLLC
4724 6th Place, N.E.
Washington, D.C. 20017
202.328.1352 (telephone)
202.318-4528 (facsimile)
jdzubow@mensahlaw.com
lbutler@mensahlaw.com

Counsel for Plaintiff Andree Dubose



EXHIBIT 1